UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

**UNITED STATES**

v.                              605CR016

**DONALD DICKERSON**

## ORDER

## I. BACKGROUND

Defendant Donald Dickerson unsuccessfully took a direct appeal from his jury-verdict based conviction for violating 21 U.S.C. § 856(a)(2) (Managing a drug establishment). Doc. ## 56, # 73. Dickerson later unsuccessfully moved to compel the printing of trial transcripts to use in pursuing a *certiorari* petition. Doc. ## 75 (motion); # 76 (Order denying motion, noting that the court reporter had filed the transcripts in time for his direct appeal). In that transcript-denial Order, the Court noted that it had

> received a fax (attached) apparently from a Wanda Fanning (a woman Dickerson believes sat on his jury), showing that Dickerson has contacted her to persuade her to sign an affidavit he furnished in which she would attest that he was not present for the jury selection of his trial.[1]

Doc. # 76 at 1 (footnote in original). Dickerson evidently had violated S.D.GA.LOC.CIV.R. 83.2, which in pertinent part provides that

> [n]o *party*, attorney, or other person shall, without Court approval, make or attempt any communication relating to any feature of the trial of any case with any regular or alternate juror who has served in such case, whether or not the case was concluded by verdict.

Local Civ. Rule 83.2 (emphasis added); *see also* S.D.GA.LOC.CR.R. (*preamble*) ("These Local Rules for the Administration of Criminal Cases are supplemental in nature, and are to be construed consistently with the generally applicable Local Rules....").

The Court therefore referred this matter to the U.S. Attorney to consider prosecuting Dickerson for criminal contempt of this Court. *Id.* at 1-2; *see also U.S. v. Brown*, 2008 WL 2811890 (S.D.Ga. 7/21/08) (unpublished) (show-cause contempt order for violating same rule).

Dickerson appealed *that* Order, doc. # 77, and also moves for leave to appeal *in forma pauperis* (IFP). Doc. # 79. However, the Eleventh Circuit has found his NOA untimely, so it has indulged a remand

> for the limited purpose of determining whether Donald Dickerson's untimely notice of appeal was a result of excusable neglect or good cause. Fed.R.App.P. 4(b)(4); *United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983). Upon making its determination, the district court shall return the record, as supplemented, to this Court for further proceedings.

Doc. # 80.

Meanwhile, Dickerson *again* moves for transcripts. Doc. # 82. He also seeks leave to contact jurors in his case, doc. # 83, and he wants to disqualify the undersigned. Doc. # 85.

---

[1] Evidently, Dickerson is contemplating some sort of collateral relief based on a trial-presence-based claim. *See U.S. v. Novaton*, 271 F.3d 968, 997-98 (11th Cir. 2001) (right of a criminal defendant to be present at all critical stages of his trial is a fundamental constitutional right protected by due process clause), cited in *U.S. v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005).

## II. ANALYSIS

### A. Notice of Appeal

The Order that Dickerson appealed was entered on 6/30/08. Doc. # 76. "'In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after' the entry of the order being appealed." *U.S. v. Castma*, 270 Fed.Appx. 752, 753 (11th Cir. 2008) (quoting Fed.R.App.P. 4(b)(1)(A)(i)). Dickerson signed his NOA on 7/28/08 and apparently mailed it from his prison that day,[2] since it was entered on this Court's docket on 7/31/08. Doc. # 77.

It is thus very doubtful that he will be able to show excusable neglect; it seems more likely that he thought he had 30 days, rather than 10, to appeal. Nevertheless, Dickerson shall have 15 days from the date this Order is served to show what neglect excuses him from the consequences (dismissal) of his late appeal.

### B. Transcript Request

In his latest transcript-request motion, doc. # 82, Dickerson claims that he paid the court reporter up front for, and received, some trial transcripts but now seeks the "Defense portion of the trial transcripts and has written several letters to the Court Reporter since to no avail." *Id.* at 2. He claims he is owed a credit from the reporter, and he asks the Court to direct her to furnish the rest of the transcripts and notify him if there are any additional fees "so that he can pay them."

---

[2] *See* F.R.App.P. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or by a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid").

*Id.*; *see also* doc. # 87. In that this particular motion ties into the next, the Court will address it *infra*.

### C. Contacting Jurors

In his request for leave to contact the jurors in his case, Dickerson explains that on 2/6/06

> Jury Selection was held in [his case] according to Court Records and the Defendant was present based only on these records. The Petitioner believes that these records are inaccurate based on other events which took place on [2/6/06]. Even though the Petitioner already has evidence that he could not have been present in Court for those proceedings, allowing him to contact the parties involved will strengthen his claim. The Petitioner is not attempting to persuade anyone involved to sign anything or testify to anything but only contact these potential witnesses in the interest of Justice. [¶] The Petitioner also apologizes to for attempting to contact Jurors without permission from the Court but he was unaware of Local Civ.Rule 83.2 and there was no way for him to have known that this rule existed. The Petitioner is not a Lawyer and Local rules are not kept in the Law Library at FCC Petersburg (Low). [¶] In addition, Petitioner would also request that this court provide him with the names of the other defend[a]nts and their attorneys which also had Jury Selection on that same date accord[in]g to Jury Selection Transcripts. [¶ Finally, Dickerson asks this Court to] grant him permission to contact the parties involved in the Jury Selection Process on [2/6/06] and also order that he be provided with names and addresses of everyone involved.

2

Doc. # 83 at 1-2.

As the Government notes, Dickerson's claim is baseless. Here is the relevant portion of the 2/6/06 trial transcript:

> THE COURT: Representing the defendant is Mr. Victor Hawk. Mr. Hawk has practiced law for a number of years. His offices are in Augusta, Georgia. Mr. Hawk, would you identify yourself and your client. And I will ask Mr. Knoche to identify his witness. While you are standing, if you will identify yours.
>
> MR. HAWK: Yes, sir. [¶] My name is Vic Hawk. I have a law office in Augusta, Georgia, and also Millen, Georgia. [¶] This is Mr. Donald Dickerson. [¶] Donald, if you will stand. [¶] I will be representing Donald in this case.

Jury Selection Tr. at 9. Dickerson at this point relies on his own bare assertions (he neither proffers nor cites any record *evidence* showing that the official transcript is erroneous) that he was not present at the jury-selection phase of this case. The Court will not make an exception to its prohibition of juror contact to further an argument that is so clearly contradicted by the evidence. Meanwhile, Dickerson is entitled to what he paid for regarding the trial transcripts, so the Court Reporter is directed to send him a detailed invoice (and file a copy in the record) showing that fact and returning any credit due.

### III. CONCLUSION

Accordingly, the Court *DENIES* in part and *GRANTS* in part Donald Dickerson's transcript motion, doc. # 82, *DENIES* him leave to contact jurors in his case, doc. # 83, *DENIES* him leave to appeal IFP, doc. # 79, and *DENIES* his disqualification motion (he maintains that the undersigned would be an interested witness on in his factual claim that he was not present during jury selection).[3] Doc. #

---

[3] Dickerson explains:

> On [2/6/06], jury selection was held in the above captioned matter before Judge B. Avant Edenfield [BAE] according to the record in this case. The Petitioner is planning to contest the record with official records, sworn affidavits and a number of witnesses that will refute the record and show that it would have been impossible for him to have been present for jury selection proceedings on February 6, 2006. Due to the fact that Judge [BAE] was the presiding Judge in the Jury Selection proceedings his impartiality is being reasonably questioned because of his responsiblity as the presiding judge to make sure that the Defendant was present for all proceedings. This also creates the fact that Judge [BAE] would have an interest in the outcome of the proceedings.

Doc. # 85 at 1. He later asserts:

> The issue that the Petitioner is preparing to submit is one of fact and because Judge [BAE] presided over the jury selection in this case, he is a material witness as to if the defendant was present for these proceedings. The Petitioner intends to challenge the accuracy of the jury selection transcripts. These transcripts show a number of inconsistent facts. Additionally the Petitioner had an extremely hard time obtaining these transcripts even after paying for them. Without these records it would become essential that everyone involved in the proceedings on [2/6/06] be considered a witness including Judge [BAE].

*Id.* at 2.

3

85. The Court Reporter shall comply with the Court's directions set forth in Part II(C) *supra*.

Finally, Dickerson shall have 15 days from the date this Order is served to show what neglect excuses his late appeal. The Clerk shall promptly present any response, or word of non-response, following that 15 day period. Dickerson is reminded of F.R.App.P 4(c)'s requirements. *See supra* n. 2. And given Dickerson's "Local Rule" ignorance assertions, the Court exercises its discretion to rescind its referral to the U.S. Attorney for prosecution.

This __6__ day of November, 2008.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA