UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

**UNITED STATES**

v.  605CR016

**DONALD DICKERSON**

## ORDER

Defendant Donald Dickerson unsuccessfully took a direct appeal from his jury-verdict based conviction for violating 21 U.S.C. § 856(a)(2) (managing a drug establishment). Doc. # 56, # 73. He later unsuccessfully moved to compel the printing of trial transcripts to use in pursuing a *certiorari* petition. Doc. # 75 (motion); # 76 (Order denying motion, noting that the court reporter had filed the transcripts in time for his direct appeal). In that transcript-denial Order, the Court noted that it had

> received a fax (attached) apparently from a Wanda Fanning (a woman Dickerson believes sat on his jury), showing that Dickerson has contacted her to persuade her to sign an affidavit he furnished in which she would attest that he was not present for the jury selection of his trial.

Doc. # 76 at 1 (footnote omitted).[1] Dickerson appeared to have violated Local Civil Rule 83.2, which in pertinent part provides that

> [n]o *party*, attorney, or other person shall, without Court approval, make or attempt any communication relating to any feature of the trial of any case with any regular or alternate juror who has served in such case, whether or not the case was concluded by verdict.

S.D.GA.LOC.CIV.R. 83.2 (emphasis added); *see also* S.D.GA.LOC.CR.R. (*preamble*) ("These Local Rules for the Administration of Criminal Cases are supplemental in nature, and are to be construed consistently with the generally applicable Local Rules...."). The Court thus referred this matter to the U.S. Attorney to consider prosecuting Dickerson for criminal contempt of this Court. *Id.* at 1-2; *see also U.S. v. Brown*, 2008 WL 2811890 (S.D.Ga. 7/21/08) (unpublished) (show-cause contempt order for violating same rule).

Dickerson appealed *that* Order, doc. # 77,[2] but the Eleventh Circuit found his Notice of Appeal (NOA) untimely, so it remanded the case

> for the limited purpose of determining whether Donald Dickerson's untimely notice of appeal was a result of excusable neglect or good cause. Fed.R.App.P. 4(b)(4); *United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983). Upon making its determination, the district court shall return the record, as supplemented, to this Court for further proceedings.

Doc. # 80.

Meanwhile, Dickerson moved for various other matters upon which this Court ruled. *See* doc. # 88 at 3-4. As for the remand, the Court explained the background and then its ruling:

> The Order that Dickerson appealed was

---

[1] Evidently, Dickerson was contemplating the pursuit of collateral relief based on a trial-presence-based claim. *See U.S. v. Novaton*, 271 F.3d 968, 997-98 (11th Cir. 2001) (right of a criminal defendant to be present at all critical stages of his trial is a fundamental constitutional right protected by due process clause), cited in *U.S. v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005). The record shows that on 11/7/08 he in fact filed a 28 U.S.C. § 2255 motion raising that claim. Doc. # 89.

[2] The Court has since rescinded its referral to the U.S. Attorney for criminal contempt prosecution. Doc. # 88 at 4.

entered on 6/30/08. Doc. # 76. "'In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after' the entry of the order being appealed." *U.S. v. Castma*, 270 Fed.Appx. 752, 753 (11th Cir. 2008) (quoting Fed.R.App.P. 4(b)(1)(A)(i)). Dickerson signed his NOA on 7/28/08 and apparently mailed it from his prison that day,[3] since it was entered on this Court's docket on 7/31/08. Doc. # 77.

It is thus very doubtful that he will be able to show excusable neglect; it seems more likely that he thought he had 30 days, rather than 10, to appeal. Nevertheless, Dickerson shall have 15 days from the date this Order is served to show what neglect excuses him from the consequences (dismissal) of his late appeal.

Doc. # 88 at 2.

The Clerk served Dickerson on 11/6/08 (hence, his due date was 11/21/08) and no showing has since been made. On 11/18/08, however, he filed another NOA -- to appeal the very Order that, *inter alia*, directed him to make his excusable-neglect showing. Doc. # 94. In other words, instead of complying with the Court's Order, he is *appealing* it (which is not necessary, by the way, as the case is on limited remand so any remand-orders get automatically carried back up on appeal; also, rather than appeal the denial of an IFP motion, one files an F.R.App.P. 24(a)(5) *motion* "within 30 days after" service of this Court's IFP denial. *See* F.R.App.R. 24(a)(5)).

Suffice it to say that Dickerson has failed to show excusable neglect, and the Court so finds. The Clerk shall promptly transmit this Order to the Eleventh Circuit Court of Appeals.

This  1  day of December, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] *See* F.R.App.P. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or by a declaration (in compliance with 28 U.S.C. §1746) setting forth the date of deposit and stating that first-class postage has been prepaid").